**REVERSE, RENDER in Part, and REMAND; Opinion Filed April 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00393-CV

**NORTH TEXAS MUNICIPAL WATER DISTRICT, Appellant**

**V.**

**JENNIE BALL A/K/A JENNY TISSING AND JEFFREY TISSING, Appellees**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-01429-2013**

## OPINION

Before Justices Myers, Evans, and O'Neill[1]
Opinion by Justice O'Neill

This appeal involves a structure built by appellees Jenny and Jeffrey Tissing upon an easement owned by the appellant North Texas Municipal Water District. The District appeals the trial court's judgment, which found in the Tissings' favor on the parties' cross motions for summary judgment and dismissed the District's claims for declaratory and injunctive relief. In this Court the District contends the trial court erred by granting the Tissings' summary judgment motion, by denying the District's summary judgment motion, by denying the District's request for equitable relief, and by refusing to allow the District to inspect the structure during discovery. The District seeks a reversal of the summary judgment rulings and a remand to determine whether it is entitled to attorney's fees.

---

[1] The Honorable Michael J. O'Neill, Justice, Court of Appeals. Fifth District of Texas at Dallas, Retired, sitting by assignment.

For the reasons that follow, we reverse the trial court's judgment. We render a declaratory judgment in the District's favor, and we remand the case (a) for entry of a mandatory injunction requiring the Tissings to remove the structure and (b) for determination of attorney's fees for the District under the Declaratory Judgment Act.

## Background

In 1980, Helen Lewis owned a twenty-one acre tract of land in Collin County, across which the District wished to install a water pipeline. Lewis conveyed a thirty-foot-wide permanent easement (the Easement) to the District. The District received the right to construct, operate, and maintain water pipelines within the Easement's boundaries; Lewis retained the right to use the land making up the Easement "except for the purposes of erecting buildings or permanent structures" on the land. The District agreed to pay for damage it caused to fences and crops while performing its functions on the Easement.

Over the years, Lewis's tract was subdivided. In 2013, the Tissings owned a subdivided piece of the Lewis property, a two-and-one-half acre tract facing Stinson Road. The Easement and its pipeline run across the width of the Tissings' property, parallel to Stinson Road.

The Tissings began to erect a structure across the front of their property, and within the Easement boundaries, in March 2013. The structure was built by anchoring galvanized steel poles into holes with concrete, building a base with concrete blocks that encased the poles and created a wall across the front of the property, facing the wall with flagstone on both sides, and topping this base with a wood privacy fence.[2] The District learned of the construction in April 2013 and contacted the Tissings to demand that the construction stop and the portion of the structure already built be removed from the Easement. When the Tissings refused to stop construction, the District filed suit. The District sought a declaration that it held a valid existing

---

[2] Not surprisingly, the Tissings refer to the structure as a "fence"; the District calls it a "wall." To avoid the appearance of partiality in nomenclature, we will refer to the subject of this appeal as a "structure."

Easement across the Tissings' property and that the structure erected within its Easement was a permanent structure that violated the terms of the Easement. The District also pleaded that the construction of the structure constituted an impermissible use and wrongful interference with the District's reasonable use and enjoyment of the Easement. Finally, the District sought a mandatory injunction, requiring the Tissings to remove the structure being built within the Easement. The trial court granted a temporary restraining order and extended that order once. In the meantime, the Tissings answered. They generally denied the District's claims and, soon after, filed a counterclaim seeking a declaratory judgment that the structure was *not* permanent in nature and that it did *not* violate any term in the Easement.

The trial court heard the application for temporary injunction. The parties stipulated that the structure was built within the boundaries of the Easement. The District presented testimony from William Bentley Powell, its real estate manager. Powell explained the workings of the District as well as the location and purpose of this particular pipeline. He testified that, in his opinion, the structure was permanent. The Tissings called land surveyor Garey Gilley, who surveyed the Easement and area around the Easement. Although he did not specifically opine that the structure was a fence, he did testify that he was not aware of a fence ever being declared a permanent structure. At the close of evidence, the District asked the court to maintain the status quo by halting further construction of the wall. When counsel for the District suggested that a temporary injunction would save the Tissings money in the event of a final decision in favor of the District, counsel for the Tissings replied:

> I don't think we should have the Municipal Water District telling the Tissings what they should do with their property or their money.
>
> If they want to build a fence and if, in the future, they have to tear it down based on the rulings from the Court, they should be allowed to do so. That's their property. They should be able to use it and enjoy it as they see fit.

\*\*\*

–3–

> If, at the end of the day, they have to tear the fence down and put something else up, that's on them, and they're willing to accept the Court's ruling on that at a later date and time.

The trial court denied the application for temporary injunction, concluding that the structure was "more in the nature of a fence."

The parties both filed summary judgment motions, which we discuss below. In the end, the trial court granted the Tissings' motion, denied the District's motion, and dismissed the District's claims. The District appeals.

**The Motions for Summary Judgment**

Approximately three months after the District filed suit, the Tissings moved for a no-evidence summary judgment. The District filed a preliminary response and a motion for continuance, arguing adequate time for discovery had not passed. *See* TEX. R. CIV. P. 166a(i) (party without presenting summary judgment evidence may move for summary judgment "[a]fter adequate time for discovery"). The trial court granted the continuance, and the District ultimately filed both an amended response to the motion and its own traditional and no-evidence motion for summary judgment.

*Standard of Review*

We apply well-known standards in our review of traditional and no-evidence summary judgment motions. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d

at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i). Within these standards, we review the summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

## The Easement

At the outset, we address the paragraph of the Easement that governs the parties' summary judgment motions.

> The said Grantors herein, their heirs and assigns, shall have the right fully to use and enjoy the said premises covered by the said above described easement except for the purposes hereinabove granted, and *except for the purposes of erecting buildings or permanent structures over said right-of-way*. The said North Texas Municipal Water District does further covenant and agree *to pay for any damage that may be done to crops or fences* by laying, erecting, maintaining, operating, or removing such pipe line. (Emphasis added.)

The District's fundamental position is that the structure is "permanent" within the meaning of the Easement, so the Tissings had no right to erect it over the Easement's right-of-way. The Tissings contend the structure is not permanent in nature. But they also argue that—even if the structure is permanent within the meaning of the Easement—it is a fence, and the Easement contemplates an exception for fences when it states the District will pay for any damage it does to fences while working on the Easement.

The rules of contract construction and interpretation apply to easement agreements. *DeWitt Cnty. Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex. 1999). Unless the agreement is ambiguous, and no such claim is made in this case, we interpret its provisions as a matter of law. *Id.* As we interpret the two Easement provisions at issue in this appeal, our primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We strive to harmonize and give effect to all the provisions of the agreement so that none will be rendered meaningless. *Id.*

<u>What is a permanent structure?</u>

Whether a structure is "permanent" is necessarily a fact-specific inquiry that will depend on such factors as the nature of the structure and its location on the restricted area. However, our inquiry is assisted by this Court's analysis in *Auerbach v. Dallas Area Rapid Transit*, No. 05-94-01207-CV, 1995 WL 447530 (Tex. App.—Dallas July 26, 1995, writ denied) (not designated for publication). Auerbach sued DART for abuse of easement, seeking removal of a billboard constructed in DART's right-of-way easement, which abutted Auerbach's land. The case presented a limitations issue: the accrual date depended upon whether the injury caused by the billboard was permanent or temporary in nature. *Id.* at *2. The nature of the billboard became important because "[w]here a building or permanent structure is placed on a private easement, the limitations period on an action to abate the obstruction begins to run with the completion of the obstruction." *Id.* at *3 (citing *Eidelbach v. Davis,* 99 S.W.2d 1067, 1073 (Tex. Civ. App.—Beaumont 1936, writ dism'd)). The opinion describes the billboard, which:

> consists of a metal column supporting an aerial structure to accommodate advertising panels approximately 10 by 40 feet in size, lighting, walkways, ladders, appliances, and an electric meter. The footing of the billboard is embedded in concrete in the ground. Removal of the billboard would require dismantling the steel aerial structure with the use of a crane and excavation of the concrete footing and column. It is undisputed that the billboard has remained continuously in place since completion of its construction on October 19, 1981. There has been nothing sporadic about the billboard's presence and it is not contingent upon any irregular force.

*Id.* Auerbach argued the billboard was temporary because it could be removed, but we acknowledged that any structure placed upon the land is removable. *Id.* Instead, we stated that "a structure which is designed as a continuous fixture is permanent as a matter of law." *Id.* We went on to determine the billboard was a permanent structure that was indicative of a permanent injury to the land. *Id.* at *4.

The Easement requires our application of the facts—as established by the summary judgment evidence—to the rule expressed in *Auerbach*. Thus, a structure is "permanent" within

the meaning of the Easement if the facts establish it was designed as a continuous fixture. *See id.* at \*3.

<u>Is construction of a fence an exception to the prohibition of permanent structures</u>?

The Tissings argue our inquiry into the permanent nature of the structure is asking the wrong question. They contend the Easement intends fences to be an exception to the prohibition against erecting permanent structures. According to the Tissings, the plain language of the Easement contemplates the presence of fences within its boundaries. And to a limited extent, we agree with this last statement. The Easement states "[t]he said North Texas Municipal Water District does further covenant and agree to pay for any damage that may be done to crops or fences by laying, erecting, maintaining, operating, or removing such pipe line." This language could speak to a fence already standing within the Easement's boundaries. It could also speak to a fence near the Easement's boundaries that might be damaged by pipeline construction. It could even speak to a fence intended to serve as temporary protection for a homeowner project. In each of those cases, the existence and location of the fence would be reasonable, and it would be reasonable to require the District to compensate a damaged fence's owner.

However, the language relied upon by the Tissings speaks only to this remedy of compensation for damage, not to any additional rights reserved by the original landowner. It is true we avoid burdening the servient estate when possible. *Severance v. Patterson*, 370 S.W.3d 705, 721 (Tex. 2012) (easement grants unlimited reasonable use to dominant estate holder with as little burden as possible to servient owner). But it is not reasonable to create an exception to an express prohibition within an easement agreement—here, construction of a permanent structure—when that exception, by its very nature, would significantly interfere with the easement holder's ability to carry out the purposes specifically granted to it by the Easement. The Tissings' interpretation of the Easement's reference to fences gives that provision control over not only the permanent-structure prohibition, but also the essential purpose of the Easement.

We will not give a single provision, taken alone, controlling effect in this Easement; instead, we must consider all provisions with reference to the purpose of the whole instrument. *See Coker*, 650 S.W.2d at 393. And the District's ability to install, maintain, and repair its water pipeline would be undermined by a permanent structure within the Easement boundaries, regardless of whether the permanent structure is a fence or a wall or a billboard or any other continuous fixture.

We conclude the Easement prohibits a structure when the facts indicate it was "designed as a continuous fixture." *See Auerbach*, 1995 WL 447530 at *3. We further conclude the Easement's prohibition contains no exception for fences. *See Coker,* 650 S.W.2d at 393. With this construction of the Easement's language, we review the summary judgment motions.

*The Tissings' No-Evidence Motion*

In its first issue, the District contends the trial court erred by granting the Tissings' no-evidence motion for summary judgment. At the outset, the District identifies a number of procedural problems with the Tissings' motion, the most significant being the Tissings' failure to identify any specific elements of the District's claims for which there was no evidence. A no-evidence motion "must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). "A no-evidence motion that only generally challenges the sufficiency of the non-movant's case and fails to state the specific elements that the movant contends lack supporting evidence is fundamentally defective and cannot support summary judgment as a matter of law." *Jose Fuentes Co. v. Alfaro*, 418 S.W.3d 280, 283 (Tex. App.—Dallas 2013, pet. denied). The Tissings effort to identify the elements at issue in its no-evidence motion states only the following:

> Tissing moves for summary judgment on all of the Plaintiffs claims because, after an adequate time for discovery, Plaintiff can produce no evidence which supports the essential elements of breach of contract.

This statement fails to identify any particular element or elements of the District's claims; indeed, it does not even speak to a claim that the District pleaded. The legal sufficiency of a no-evidence motion for summary judgment may be challenged for the first time on appeal. *Id*. at 287. We conclude the Tissings' no-evidence motion was insufficient as a matter of law and cannot support summary judgment. *See id.*

Although the Tissings cast their motion as a no-evidence motion, the motion has certain characteristics of a traditional motion as well. The Tissings attached evidence to the motion, and they asked for judgment on their own declaratory judgment claim, on which they bore the burden of proof. We must determine the nature and standard governing a summary judgment motion after considering the substance of the motion, rather than categorizing the motion strictly by its form or title. *Rodgers v. Weatherspoon*, 141 S.W.3d 342, 344 (Tex. App.—Dallas 2004, no pet.). Thus, although the Tissings' motion failed to meet the requirements of rule 166a(i) on the District's claims, we conclude we may review it as a traditional motion on the Tissings' own declaratory judgment claim. *See id.*

### *The Competing Traditional Motions*

We turn, therefore, to the competing motions for summary judgment on the parties' mirror-image claims for declaratory judgment. When both parties move for summary judgment and the trial court grants one motion and denies the other, we consider both motions, their evidence, and their issues, and we may render the judgment that the trial court should have rendered. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

The Tissings' motion argued they were entitled to judgment as a matter of law on their declaratory judgment claim:

> Defendants seek the court to construe the terms of the Easement. Specifically, the Tissings' request a declaration that: 1) the subject fence(s) are not permanent structures 2) the fence(s) do not violate any term or contract construed in the

Easement. See the attached photographs, collectively as Exhibit "B". Defendants seek a declaration from this Court as to whether or not Plaintiffs have been deprived of the use of the easement with the privacy fence in place.

The motion seeks exactly the relief the Tissings sought in their answer to the District's lawsuit. The District's traditional motion, likewise, seeks the relief it sought in its petition:  a declaration that the structure is a permanent structure and an order removing the structure from the boundaries of the easement.[3]  We proceed, then, to look at all the summary judgment evidence and to determine whether either party has established its right to judgment as a matter of law.

*The Summary Judgment Evidence*

The Tissings attached a copy of the Easement and seven photographs of the structure to their motion.[4]  The District's summary judgment evidence (attached to both its amended response to the Tissings' motion and its own traditional motion) included excerpts from the Tissings' depositions, a survey of the Easement, the Affidavits of Scott Craft and Joseph M. Stankiewicz, and the reporter's record of the temporary injunction hearing.[5]  The Tissings filed no response—either argument or evidence—to the District's motions.

Our review of the summary judgment record focuses on the physical character of the structure, the cost of the structure, the location of the structure on the easement, and the impact of the structure's presence on the District's ability to repair and maintain the pipeline.  We address each of these issues in turn.

The physical character of the structure is proved by photographs as well as deposition testimony by the Tissings.  The base of the structure was created by setting twenty-five

---

[3]  The District titles its motion one for "partial" summary judgment.  But the only further proceedings it sought if its motion was granted— and the only further proceeding it seeks if we reverse the trial court's judgment—is a hearing on its entitlement to attorney's fees under the Declaratory Judgment Act.  As to liability and injunctive relief, the motion sought judgment as a matter of law.

[4]  The District filed written objections, arguing the photographs were not properly authenticated, were hearsay, and had not been previously produced in response to the District's discovery request.  Our record, however, includes no ruling by the trial court on the District's objections, and the District does not complain on appeal of the failure to rule.  Accordingly, we will consider the Tissings' photographs along with the other summary judgment evidence.

[5]  The Tissings filed no objections to the District's evidence.

galvanized steel posts in two-feet-deep holes and filling the holes with concrete. Concrete blocks were then installed over the poles to form the base of the structure, and both sides of the base were covered with a flagstone facing. A line of cedar pickets was installed atop the base, creating the structure's final height of approximately ten feet. There is no dispute that the structure is anchored to the land and that its base is a concrete wall, covered with stone.

Jenny Tissing testified during her deposition that building the structure cost between $22,000 and $23,000. That testimony is undisputed.

Counsel for the parties stipulated that the structure was erected within the Easement. The actual location of the structure in relation to the Easement is proved most precisely by the Easement survey prepared by the Tissings' expert witness, Gary Gilley. Gilley was called as an expert witness by the Tissings at the temporary injunction hearing. His survey indicates the thirty-foot-wide Easement runs parallel to—and some twenty feet from—Stinson Road, across the Tissing property. The structure was built essentially parallel to—and inside of—the Easement's road-side boundary, leaving the majority of the Easement between the structure and the Tissings' property, now separated from Stinson Road by this structure.

Joseph Stankiewicz is the Deputy Director of the District and a civil engineer. He testified that the terms of the Easement allow the District to construct additional pipelines within the Easement and require the District to repair and maintain the existing pipeline. He testified further that these activities would damage or destroy the Tissings' structure. Specifically, he testified:

> In the event the District is required to excavate that pipeline to fully expose the pipeline, accepted safety standards could require a trench of approximately 20–25 feet wide at the top of the ditch in order to have full access to the District's pipeline. Excavating the Easement to provide full access to the pipeline will not be possible within the District's Easement with the permanent wall in place, without damaging or destroying it.

–11–

Stankiewicz also testified that, given the Easement's requirement that the District pay for damages to fences, it would never have approved a $23,000 structure within the Easement. None of Stankiewicz's testimony was controverted by the Tissings.

We conclude the summary judgment evidence establishes that—under the facts of this case—the structure was designed as a continuous fixture. Therefore, the structure is a permanent structure within the meaning of the Easement. *See Auerbach*, 1995 WL 447530, at *3. And assuming—without deciding—that the structure should be characterized as a fence, we have concluded that the Easement does not provide an exception to the prohibition of permanent structures for fences. We conclude further that the placement of the structure interferes with the District's use of the Easement for its intended purposes. As a matter of law, therefore, the structure violates the terms of the Easement. The trial court erred in granting summary judgment for the Tissings and denying summary judgment for the District.

We sustain the District's first and second issues.[6]

## Injunctive Relief

In its third issue, the District contends the trial court erred by not granting its request for a permanent mandatory injunction that would require the Tissings to remove the structure from the easement. We agree. Injunctive relief has been held to be the proper remedy to halt interference with easement rights. *Harris Cnty. v. S. Pac. Transp. Co.*, 457 S.W.2d 336, 340 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ) (citing *City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1956)). But in a summary judgment case, we may order a mandatory injunction only when the summary judgment evidence demonstrates that the denial of relief would be a clear

---

[6] Although ordinarily we review a party's no-evidence motion before their traditional motion, our obligation to review the Tissings' traditional motion requires us to review the two traditional motions together. Because the District has satisfied the "more onerous traditional summary judgment burden," we need not address its no-evidence motion in this opinion. *See Pitts v. Winkler Cnty.*, 351 S.W.3d 564, 571 (Tex. App.—El Paso 2011, no pet.).

abuse of discretion. *Texas Health Care Info. Council v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 853 (Tex. App.—Austin 2002, pet. denied).

Stankiewicz testified that "[i]n order for the District to have full and unobstructed access to its pipeline to make repairs, maintain the pipeline, or to excavate it, it is necessary that the wall be removed from the District's Easement." Because the structure is a permanent structure, the placement of which violates the District's Easement, we agree that no remedy but its removal will allow the District full and necessary access to its Easement. The summary judgment evidence demonstrates that denial of injunctive relief was a clear abuse of discretion. *See id.* The trial court should have granted the District's request for mandatory injunctive relief from the Tissings' encroachment on the Easement.

We sustain the District's third issue.

### Attorney's Fees

In its fifth issue, the District asks us to remand this case solely for determination of its attorney's fees under the Declaratory Judgment Act. The statute provides that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015). Accordingly, we remand the issue of attorney's fees under the Declaratory Judgment Act to the trial court for its consideration in light of our opinion. *See Hartsell v. Town of Talty*, 130 S.W.3d 325, 329 (Tex. App.—Dallas 2004, pet. denied).

We sustain the District's fifth issue.

**Conclusion**

We reverse the trial court's judgment and render judgment in part for the District, declaring that the structure is a permanent structure within the meaning of the Easement and that the structure violates the terms of the Easement. We remand this cause to the trial court (a) for entry of a mandatory injunction requiring the Tissings to remove the structure from the boundaries of the Easement, and (b) for determination of attorney's fees for the District under the Declaratory Judgment Act.[7]

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE, ASSIGNED

140393F.P05

---

[7] Given our resolution of these matters, the District's fourth issue, which involves the District's request to inspect the wall, is now moot.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NORTH TEXAS MUNICIPAL WATER
DISTRICT, Appellant

No. 05-14-00393-CV        V.

JENNIE BALL A/K/A JENNY TISSING
AND JEFFREY TISSING, Appellees

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-01429-2013.
Opinion delivered by Justice O'Neill.
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED.**

Judgment is **RENDERED IN PART** for North Texas Municipal Water District, declaring that the structure erected by appellees is a permanent structure within the meaning of the Easement and that the structure violates the terms of the Easement.

We **REMAND** this cause to the trial court (a) for entry of a mandatory injunction requiring appellees to remove the structure from the boundaries of the Easement, and (b) for determination of attorney's fees for the North Texas Municipal Water District under the Declaratory Judgment Act.

It is **ORDERED** that appellant North Texas Municipal Water District recover its costs of this appeal from appellees Jennie Ball a/k/a Jenny Tissing and Jeffrey Tissing.

Judgment entered this 30th day of April, 2015.