# IN THE SUPREME COURT OF TEXAS

══════════
No. 14-0629
══════════

KATY VENTURE, LTD. AND KATY MANAGEMENT, L.L.C., PETITIONERS,

v.

CREMONA BISTRO CORP., RESPONDENT

══════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
══════════════════════════════

**PER CURIAM**

The petitioners brought this equitable bill of review to set aside a no-answer default judgment. They did not receive actual service of process or timely notice of the default judgment because they failed to update their registered address with the Secretary of State's office. They contend, however, that the respondent failed to properly certify the petitioners' "last known mailing address," as our rules require for notice of a default judgment, because the respondent had actual notice of petitioners' current address but certified the old registered address as the "last known mailing address." Because the petitioners presented some evidence that their failure to receive notice of the default judgment resulted solely from the respondent's failure to properly certify the petitioners' "last known mailing address," and not from any negligence or fault on the petitioners' part, we conclude that they raised a genuine issue of material fact in their bill-of-review claim. We therefore hold that the court of appeals erred in affirming the trial court's summary

judgment in favor of the respondent. We reverse the court of appeals' judgment and remand this case to the trial court for further proceedings consistent with this opinion.

Respondent Cremona Bistro Corp. operated a restaurant in space it leased in a commercial building owned by Katy Venture, Ltd., whose general partner is Katy Management, L.L.C. After a fire destroyed the building, Cremona attempted to recover its losses from Katy Venture's insurer. When the insurer denied the claim, Cremona sued both Katy entities directly, alleging they were responsible for the damage because the fire originated in a part of the building under the Katy entities' exclusive control. Cremona first attempted to serve the Katy entities through their registered agent, Joel Kommer, by certified mail, using the Katy entities' registered address on file with the Secretary of State's office. That citation was returned as "not deliverable as addressed" and "unable to forward." Cremona then hired a process server, who attempted to serve Kommer personally at the same outdated registered address but was similarly unsuccessful. Cremona then served the process by mail on the Secretary of State as the Katy entities' agent. The Secretary forwarded the notice by mail to the same outdated registered address. As it turns out, the Katy entities and Kommer had moved several years earlier, but failed to provide an updated registered address to the Secretary of State. After the Katy entities did not answer the lawsuit, Cremona obtained a default judgment for more than $820,000.

Rule 239a of the Texas Rules of Civil Procedure requires a party who obtains a default judgment to certify the defendant's "last known mailing address" to the clerk of the court, who then mails written notice of the default judgment to that address. TEX. R. CIV. P. 239a. Pursuant to this requirement, Cremona certified the Katy entities' outdated registered address as their "last known mailing address." The clerk then mailed notice of the default judgment to the registered

2

address, and the Katy entities did not receive it. The judgment became final shortly thereafter. *See id.* (noting that failure to comply with Rule 239a "shall not affect the finality of the judgment"). When the Katy entities later learned of the default judgment, they filed a petition for an equitable bill of review, asserting that Cremona had not properly served them with process and had not properly certified their last known mailing address for notice of the default judgment under Rule 239a. Cremona filed a traditional motion for summary judgment, which the trial court granted. The court denied Cremona's claim for attorney's fees and entered judgment that the Katy entities take nothing on their bill of review. The court of appeals affirmed.

We review the grant of summary judgment de novo. *Henkel v. Norman*, 441 S.W.3d 249, 250 (Tex. 2014) (per curiam). To succeed on a traditional summary judgment motion, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (citing *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991)). "When a movant meets that burden of establishing each element of the claim or defense on which it seeks summary judgment, the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). In deciding which party should prevail in this situation, "[w]e examine the record in the light most favorable to the nonmovant, indulge every reasonable inference against the motion and likewise resolve any doubts against it." *Henkel*, 441 S.W.3d at 250; *see also Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

3

When the trial court entered the default judgment, Cremona was required to "certify to the clerk in writing the last known mailing address of the party against whom the judgment [was] taken." TEX. R. CIV. P. 239a. Importantly, this requirement to provide the defendant's "last known mailing address" for serving notice of a default judgment differs from the requirement to serve process using the registered address on file with the Secretary of State. *See* TEX. BUS. ORG. CODE § 5.201(a)(2), (c)(1) (requiring a filing entity to "designate and continuously maintain . . . a registered office . . . where process may be personally served on the entity's registered agent").

While failure to comply with Rule 239a will not affect the finality of a default judgment, misleading the trial court by giving the wrong "last known mailing address" will make a default judgment subject to a bill of review. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275–77 (Tex. 2012). The Katy entities argue that even if service of process through the Secretary of State was proper, they nevertheless raised a genuine issue of material fact with respect to their failure to receive notice of the default judgment pursuant to Rule 239a, which denied them the opportunity to file a motion for a new trial. *See Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812–13 (Tex. 2012) (per curiam); *Petro-Chem. Trans., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974).

"A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Mabon*, 369 S.W.3d at 812 (citing *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)). Ordinarily, a plaintiff must plead and prove: "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[] [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Id.* (quoting *Caldwell*, 154 S.W.3d at 96). But "when a bill-of-review plaintiff claims a due

4

process violation for no service [of process] or notice [of a default judgment], it is relieved of proving the first two elements" and must only prove that its own fault or negligence did not contribute to cause the lack of service or notice. *Id.* Because the Katy entities assert a due process violation for failure to receive notice of the default judgment under Rule 239a, the law required them to raise a genuine issue of material fact only with respect to their lack of fault or negligence in failing to receive notice of the default judgment to survive Cremona's motion for summary judgment. *See id.* at 813 (holding that a bill-of-review plaintiff was required only to establish its own lack of negligence when it asserted that it received no notice of the default judgment); *Amedisys*, 437 S.W.3d at 511.

The Katy entities presented some evidence that their failure to receive notice of the default judgment was not a result of their fault or negligence, but was instead Cremona's fault because Cremona certified the outdated registered address even though it knew the Katy entities' actual current mailing address. *See PNS Stores*, 379 S.W.3d at 275–77 (holding that knowingly giving trial court incorrect last known address for defendant under Rule 239a constitutes extrinsic fraud). The record includes evidence that, prior to instituting the lawsuit, Cremona's owner met with Kommer at the Katy entities' current business address. In addition, there is evidence that the current address was included in a letter Katy Venture's insurer sent to the parties' attorneys. Thus, there is some evidence that Cremona knew of the Katy entities' current address yet certified the outdated registered address as the "last known mailing address." Considering this evidence in the light most favorable to the non-movants, *Henkel*, 441 S.W.3d at 250, we conclude that the Katy entities have raised a genuine issue of material fact as to whether Cremona gave the trial court clerk the Katy entities' last *known* mailing address as Rule 239a requires.

Cremona argues that the Katy entities' own negligence at least contributed to cause their failure to receive notice of the default judgment because the Katy entities failed to update their registered address. We have held that an entity's failure to update its registered address with the Secretary of State constitutes negligence in the service-of-process context. *See Campus Invs. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam). But even assuming that an entity's failure to update its registered address with the Secretary of State can also constitute negligence in the notice-of-default-judgment context, that negligence did not necessarily contribute to cause the Katy entities' failure to receive notice of the default judgment in this case. Because there is some evidence that Cremona provided an out-of-date address despite having knowledge of the Katy entities' correct, current address, we cannot presume (and Cremona has not attempted to show) that Cremona would have provided the correct "last known mailing address" if the Katy entities had updated their registered agent's address with the Secretary of State. Updating the registered-agent address on file with the Secretary of State would have provided Cremona with another means of discovering the Katy entities' correct address, but there is some evidence that Cremona already knew the Katy entities' correct address and nevertheless chose to supply the court with an outdated address.

Although the Katy entities' negligent failure to update their registered address contributed to their lack of actual service of process, we hold that there is a fact issue as to whether that negligence also contributed to their failure to receive notice of the default judgment. And because the Katy entities need only establish lack of negligence to obtain an equitable bill of review, *see Mabon*, 369 S.W.3d at 813, we hold that the trial court should not have granted summary judgment and that the court of appeals erred in affirming the trial court's judgment.

6

Accordingly, without hearing oral argument, we reverse the court of appeals' judgment and remand this case to the trial court for proceedings consistent with this opinion. TEX. R. APP. P. 59.1.

**Opinion Delivered:** July 24, 2015