Opinion by: Sandee Bryan Marion, Chief Justice
The sole issue presented in this appeal is whether the trial court erred in granting summary judgment in favor of State Farm Lloyds on Oscar Ortiz's Texas Insurance Code and common law bad faith claims following State Farm's payment of an appraisal award. Ortiz asserts this court must reconsider our decision in Garcia v. State Farm Lloyds , 514 S.W.3d 257 (Tex. App.-San Antonio 2016, pet. denied), in light of the Texas Supreme Court's decision in USAA Tex. Lloyds Co. v. Menchaca , No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017). We disagree and affirm the trial court's judgment.
BACKGROUND
Ortiz submitted a claim to State Farm for damage to his property resulting from wind and a hailstorm. After inspecting the property, State Farm determined Ortiz sustained $723.53 in damages to his property and informed Ortiz that no payment would be made for the claim since the damage amount did not exceed Ortiz's deductible. After a second inspection, State Farm found some additional damage but the damage total still did not exceed Ortiz's deductible, so no payment was made.
On April 14, 2015, Ortiz sued State Farm asserting contractual and extra-contractual claims. On August 4, 2015, State Farm invoked the appraisal process provided in Ortiz's insurance policy, and *158 Ortiz's lawsuit was abated pending the completion of the appraisal process. On December 15, 2015, an appraisal award was issued in the amount of $9,447.52. On December 30, 2015, State Farm paid Ortiz $4,243.93, representing the actual cost value of the loss minus the deductible and recoverable depreciation. State Farm recognized that Ortiz would be entitled to the depreciation after he made the repairs.
On February 24, 2016, State Farm filed a motion for summary judgment asserting its payment of the appraisal award estopped Ortiz from maintaining a breach of contract claim. State Farm further asserted the payment of the appraisal award also precluded Ortiz's extra-contractual claims. The trial court granted summary judgment in favor of State Farm, and Ortiz appeals.
STANDARD OF REVIEW
We review the grant of a summary judgment de novo. Katy Venture, Ltd. v. Cremona Bistro Corp. , 469 S.W.3d 160, 163 (Tex. 2015). To prevail on a traditional motion for summary judgment, the movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c).
GARCIA V. STATE FARM LLOYDS
In Garcia , this court addressed the effect of an insurer's payment of an appraisal award on an insured's contractual claims. 514 S.W.3d at 264-65. We held an insurer's payment of an appraisal award entitled the insurer to summary judgment on its estoppel defense to an insured's contractual claims unless the insured raised an issue of fact as to a ground for setting aside the appraisal award. Id. at 265. In our analysis, we noted, "Texas law clearly holds the discrepancy between the initial estimate and the appraisal award cannot be used as evidence of breach of contract." Id. at 273 (internal quotation omitted).
We next addressed the effect of the insurer's payment of an appraisal award on an insured's extra-contractual claims. Id. at 276-79. With regard to an insured's common law bad faith claim, we noted that evidence showing "a bona fide dispute about the insurer's liability on the contract does not rise to the level of bad faith." Id. at 276. Instead, in order to defeat a summary judgment on a common law bad faith claim, we held the insured had the burden to raise a genuine issue of material fact that the insurer failed to timely investigate the claim or the insurer committed some act, so extreme, that it would cause injury independent of the policy claim. Id. at 277. After concluding the insured in Garcia failed to present evidence of an act so extreme that it caused injury independent of the policy claim, we held the trial court properly granted summary judgment on the insured's common law bad faith claim. Id. at 278. With regard to the insured's statutory bad faith claims under the Texas Insurance Code and DTPA, we noted that when statutory bad faith claims are based on the same wrongful conduct underlying the insured's common law bad faith claim, there can be no liability on the statutory claims if there is no merit to the common law bad faith claim. Id. at 279. Because the insured's statutory claims in Garcia arose from the same underlying theory as her common law bad faith claim, we held "that because she failed to present evidence on her breach of common law bad faith claim or of an independent injury, and because State Farm timely paid all covered damages determined by the appraisal award, [the insured's] statutory bad faith claims [were] foreclosed." Id.
*159 USAA TEX. LLOYDS CO. V. MENCHACA
Ortiz argues this court must revisit our prior holding in Garcia because the Texas Supreme Court held in Menchaca that a statutory bad faith claim "can be proven without a corresponding breach of contract claim." We note, however, Menchaca is not a case involving the payment of an appraisal award. See Losciale v. State Farm Lloyds , No. 4-17-0016, 2017 WL 3008642, at *2 (S.D. Tex. July 14, 2017) (noting Menchaca does not involve payment of an appraisal award); see also Garcia , 514 S.W.3d at 278 (distinguishing intermediate appellate court's decision in Menchaca because it was not an appraisal case). We also believe Menchaca does not preclude the summary judgment granted by the trial court in this case.
In Menchaca , the Texas Supreme Court enumerated the following "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context":
First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. And fifth, an insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.
2017 WL 1311752, at *4.
In his brief, Ortiz "does not identify which of these 'rules' he relies [on] as support for his Insurance Code claims against State Farm." Losciale , 2017 WL 3008642, at *3. The first and fifth rules govern situations in which the insured cannot recover damages for an insurer's statutory violations; therefore, Ortiz clearly would not be relying on those rules. The fourth rule sets forth the ability of an insured to recover for an "independent injury" which this court recognized in Garcia ; however, Ortiz makes no attempt to identify and did not present any evidence of "an independent loss that does not flow or stem from the original denial of policy benefits." Id. ; see also Menchaca , 2017 WL 1311752 (noting "a successful independent-injury claim would be rare" and the court had never encountered one and further noting damages that " 'flow' or 'stem' from the denial of the claim for policy benefits" are not an independent injury).
If Ortiz seeks to rely on an insured's ability to recover policy benefits as actual damages under the second and third rules, those rules provide the insured can only recover if the insurer's statutory violation caused "the loss of the benefits" or the loss of the insured's "contractual right to policy benefits." Here, however, "[t]he payment of the appraisal award satisfie[d] [Ortiz's] right to receive benefits under [his policy] and, therefore, there is no 'loss of benefits' " or loss of a contractual right to policy benefits. Losciale , 2017 WL 3008642, at *3.
*160 Therefore, having reviewed the five rules set forth by the Texas Supreme Court in Menchaca , we conclude nothing in those rules requires us to revisit our decision in Garcia or provides a basis for reversing the summary judgment granted in favor of State Farm in the instant case.
CONCLUSION
Because State Farm promptly paid the appraisal award in the instant case and Ortiz did not raise any ground for setting aside the appraisal award, summary judgment was properly granted on Ortiz's breach of contract claim. See Garcia , 514 S.W.3d at 265. Because Ortiz failed to "present evidence of an act so extreme that it caused injury independent of [his] policy claim," summary judgment was properly granted on his common law bad faith claim. Id. at 278. Finally, the trial court did not err in granting summary judgment on Ortiz's statutory bad faith claims because: (1) those claims "arise from the same underlying theory as [his] common law bad faith claim;" (2) Ortiz "failed to present evidence on [his] breach of common law bad faith claim or of an independent injury;" and (3) "State Farm timely paid all covered damages determined by the appraisal award." Id. at 279. Accordingly, the trial court's judgment is affirmed.