**Opinion issued January 14, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00740-CV

———————————

**WAYNE MYERS, Appellant**

**V.**

**PENNYMAC CORPORATION, Appellee**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-23761**

---

## MEMORANDUM OPINION

Appellant Wayne Myers challenges the trial court's summary judgment dismissing his claims for wrongful foreclosure against appellee PennyMac Corporation. Because we conclude that Myers's claims are barred by res judicata, we affirm.

## Background

In October 2004, Myers obtained a home equity loan. He subsequently defaulted on the note in December 2007 and made no further payments on the loan. On multiple occasions between 2008 and 2013, his lender accelerated the loan and notified him of its intention to foreclose, but then later rescinded the acceleration. The loan was also assigned to different entities over the years, with PennyMac being the final assignee.

On April 14, 2015, PennyMac filed an application for a court order to allow foreclosure of the lien securing the home equity loan pursuant to Rule of Civil Procedure 736, and it obtained a default order on October 9, 2015. *See* TEX. R. CIV. P. 736.1–736.13 (providing procedures for obtaining expedited order permitting foreclosure). The trial court ordered that the sale could proceed after January 1, 2016. Myers then filed for bankruptcy in May 2016. After the bankruptcy court dismissed Myers's bankruptcy petition, PennyMac moved forward with foreclosure and purchased the property at the foreclosure sale on January 3, 2017.

On the same day as the foreclosure sale, Myers filed a petition naming PennyMac as the defendant and asserting a claim to quiet title based on allegations that the foreclosure was wrongful and asserting that PennyMac's enforcement of its lien was barred by limitations (the 2017 suit). The trial court granted summary judgment in favor of PennyMac on these claims, dismissing Myers's suit with

prejudice. Myers did not appeal this judgment. Further legal proceedings ensued, including a forcible detainer action in the county court at law, another bankruptcy filing, and two additional suits challenging the validity of the foreclosure, one in the county court at law and one in district court.

On April 9, 2018, Myers sued PennyMac again by filing the petition underlying this appeal. He asserted that the foreclosure was wrongful and sought a declaratory judgment and quiet title. In setting out the facts supporting his claims, Myers referred to the 2017 suit, alleging that he had filed it in "response to a judgment on [PennyMac's] Application For Expedited Order Under Rule 736 on a Home Equity Loan allowing [PennyMac] to foreclose on [Myers's] real property." Myers asserted that, following the filing of his 2017 suit, PennyMac was "legally stayed from foreclosing on [Myers's] property," but it nevertheless continued with the foreclosure. He recognized that, "[t]hrough a series of motions, including a motion for summary judgment against [Myers], the court ruled adversely against [Myers]" in the 2017 suit.

In the underlying petition, Myers sought to quiet title, asserting that he was the rightful owner of the property and that PennyMac's interest in the property is invalid because the foreclosure was improper. Myers also asserted a cause of action for wrongful foreclosure and sought a declaration that the foreclosure was wrongful.

3

He asserted that the automatic stay provided for by Rule 736.11[1] barred the foreclosure sale from going forward.

PennyMac moved for summary judgment on May 9, 2018, arguing, "This is at least the fourth frivolous lawsuit in addition to two meritless appeals Mr. Myers filed to avoid the consequences of his failure to repay a loan" and, therefore, res judicata barred his claims. Myers responded to PennyMac's motion for summary judgment by arguing that PennyMac was not entitled to judgment as a matter of law because it had not addressed any of his issues regarding Rule 736.11(a)'s automatic stay.

The trial court granted PennyMac's motion for summary judgment and dismissed Myers's claims with prejudice. This appeal followed.

**Analysis**

In his sole issue on appeal, Myers asserts that the trial court erred in dismissing his suit because the foreclosure was improper under Rule 736. PennyMac, however, moved for summary judgment arguing, in part, that Myers's claims were barred by res judicata, and the trial court granted that summary judgment. We agree that res judicata applies to Myers's claims.

---

[1] *See* TEX. R. CIV. P. 736.11(a) (providing for automatic stay of Rule 736 foreclosure proceedings "if a respondent files a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the . . . lien sought to be foreclosed prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale").

4

To establish its entitlement to summary judgment on the affirmative defense of res judicata, PennyMac was required to conclusively establish: (1) the existence of a prior final judgment on the merits by a court of competent jurisdiction; (2) the identity of the parties, or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (setting out elements of res judicata); *see also City of Richardson v. Oncor Elec. Delivery Co., LLC*, 539 S.W.3d 252, 258–59 (Tex. 2018) (providing summary judgment standard).

PennyMac presented copies of the pleadings and judgment in the 2017 suit. The 2017 suit was decided in the same court as the current suit. By rendering summary judgment and dismissing Myers's claims in the 2017 suit with prejudice, the trial court rendered a final judgment on the merits of Myers's various claims challenging the foreclosure. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("Dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties.") (internal citations omitted). The trial court was a court of competent jurisdiction at the time it rendered the 2017 judgment, as it is now. Myers and PennyMac were parties both to the 2017 suit and this suit.

5

Furthermore, the claims raised in this second action are based on the same foreclosure and involve the same rights and obligations of the parties as those raised in the 2017 suit. In the 2017 suit, Myers argued that the foreclosure was wrongful, and he sought to quiet title and void the foreclosure on limitations grounds. In the present suit, he continues to argue that the foreclosure was wrongful, citing the provisions of Rule 736. This complaint is based on the same transaction as the 2017 suit, and the validity of the foreclosure was, or could have been, addressed in the 2017 suit. *See Hallco Tex., Inc. v. McMullen Cty.*, 221 S.W.3d 50, 58 (Tex. 2006) (applying "the transactional approach to res judicata, which requires claims arising out of the same subject matter to be litigated in a single lawsuit"); *Getty Oil Co. v. Ins. Co. of N.A.*, 845 S.W.2d 794, 799 (Tex. 1992) (holding that "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which, through the exercise of diligence, could have been litigated in a prior suit" and citing Texas Rule of Civil Procedure 51 providing for joinder of claims and remedies); *see also Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) ("Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action.").

We conclude that PennyMac met it burden of proving each element of its res judicata defense. *See Joachim*, 315 S.W.3d at 862 (reciting elements of res judicata); *see also Oncor Elec. Delivery Co.*, 539 S.W.3d at 258–59 (providing that we review

6

summary judgment rulings de novo and that, to prevail on traditional summary judgment motion, movant bears burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as matter of law); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that defendant moving for traditional summary judgment on affirmative defense must plead and conclusively establish each essential element of its affirmative defense). Thus, the burden shifted to Myers to raise a fact issue on at least one element of PennyMac's affirmative defense. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (holding that, if summary judgment movant meets it burden, burden then sifts to nonmovant to raise genuine issue of material fact).

Myers has not asserted any argument attacking PennyMac's res judicata defense. He does not disagree that the judgment in the 2017 suit was a judgment on the merits, and he recognizes that the trial court is a court of competent jurisdiction. Nor does he allege that the 2017 suit involved different parties from the underlying suit or that the validity of the foreclosure was not or could not have been considered in the 2017 suit.

He argues, instead, that the foreclosure sale was void, citing Rule 736.11(d), which provides that, "[i]f the automatic stay under this rule is in effect, any foreclosure sale of the property is void." TEX. R. CIV. P. 736.11(d). As discussed

7

above, issues related to the validity of the foreclosure were addressed or could have been addressed in the judgment on the merits in the 2017 suit. This argument does not raise a fact issue controverting PennyMac's res judicata defense. Myers also makes several passing assertions that the trial court had no jurisdiction due to a lack of standing. His brief does not identify the basis of his argument that the trial court lacked jurisdiction, and the record demonstrates that this complaint is wholly unfounded. As the plaintiff, Myers was personally aggrieved by the foreclosure, and the trial court had jurisdiction to consider both Myers's petition and PennyMac's summary judgment motion. *See, e.g.*, *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008) (to have standing, plaintiff must be personally aggrieved, his alleged injury must be concrete and particularized, actual or imminent, and not hypothetical); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) (Texas district courts are courts of general jurisdiction).

We conclude that PennyMac established its right to judgment as a matter of law, and, thus, the trial court did not err in granting summary judgment and dismissing Myers's suit with prejudice. *See Oncor Elec. Delivery Co.*, 539 S.W.3d at 258–59. We overrule Myers's complaints on appeal.

### Conclusion

We affirm the judgment of the trial court.

                                        Richard Hightower
                                        Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.