

## NUMBER 13-19-00558-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**FELIPE ZAMORA AND ESTHER ZAMORA,**                        **Appellants,**

**v.**

**IGLESIA UNION CRISTIANA,**                              **Appellee.**

---

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Chief Justice Contreras**

Appellants Felipe Zamora and Esther Zamora attempted to perfect an appeal of the trial court's order, signed on August 2, 2019, denying their petition for bill of review. The cause is before the Court on an amended motion to dismiss filed by appellee, Iglesia Union Cristiana, on grounds that appellants' October 31, 2019 notice of appeal was untimely. We will grant the motion and dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

In their petition for bill of review, appellants sought to set aside a default judgment rendered against them on August 17, 2017, in a declaratory judgment action brought by appellee. Appellants alleged in their petition for bill of review that the default judgment was "signed without notice of a hearing and without a hearing on the merits of the case." They attached their own affidavits attesting that their trial attorney did not advise them of any final hearing in the declaratory judgment action. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (stating that when a bill-of-review plaintiff claims a due process violation for no service of process or notice of a default judgment, it "must only prove that its own fault or negligence did not contribute to cause the lack of service or notice").

Appellee answered the petition and attached several exhibits, including an "Order for Informal Mediation" signed by the trial court on May 17, 2017.[1] The mediation order stated that, in the event an agreement cannot be reached at mediation, each party must file proposed orders on the declaratory judgment action with the clerk and the trial court "will take each order under advisement and after consideration shall make a ruling." Appellee's answer to the petition for bill of review also included a printout from the Texas Courts eFiling system apparently indicating that, though notice of a hearing on appellants' motion for new trial in the declaratory judgment action was emailed to appellants' counsel on September 22, 2017, that email was "Not Opened." Appellee also attached an affidavit by his counsel regarding attorney's fees.

---

[1] It is undisputed that appellants' counsel was properly served with the mediation order.

After both parties filed briefs, a non-evidentiary hearing was held on June 28, 2019, and the trial court denied the petition for bill of review by its August 2, 2019 order. Appellants then filed a request for findings of fact and conclusions of law on August 5, 2019, but none were filed. Appellants filed their notice of appeal on October 31, 2019.

## II. DISCUSSION

A notice of appeal must generally be filed within thirty days after the trial court's judgment is signed. TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the judgment is signed if any party timely files, among other things, "a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court." TEX. R. APP. P. 26.1(a)(4). In its motion to dismiss, appellee argues that appellants' August 5, 2019 request for findings of fact and conclusions of law did not extend the deadline to file a notice of appeal because such findings and conclusions are not required by rule, nor could they properly be considered on appeal. *See id.* We agree.

Texas Rule of Civil Procedure 296 permits a party to request findings of fact and conclusions of law "[i]n any case tried in the district or county court without a jury . . . ." TEX. R. CIV. P. 296. But "[n]ot every case finally adjudicated without a jury trial is 'a case tried without a jury.'" *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997). For example, "[t]he trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment" because "if summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response." *Id.* Thus, "[a] request for findings of fact and

3

conclusions of law does not extend the time for perfecting appeal of a judgment rendered as a matter of law, where findings and conclusions can have no purpose and should not be requested, made, or considered on appeal." *Id.* at 443. Examples of judgments rendered as a matter of law include "summary judgment, judgment after directed verdict, judgment non obstante veredicto, default judgment awarding liquidated damages, dismissal for want of prosecution without an evidentiary hearing, dismissal for want of jurisdiction without an evidentiary hearing, dismissal based on the pleadings or special exceptions, and any judgment rendered without an evidentiary hearing." *Id.*

Here, as it anticipated in its duly-served mediation order, the trial court decided the merits of appellants' petition for bill of review based exclusively on the pleadings and the evidence attached thereto, without any evidentiary hearing. *See id.* Appellants contend that the trial court resolved disputed fact questions by its judgment and, therefore, findings and conclusions, though not required by Rule 296, "could properly be considered" by this Court. *See* TEX. R. APP. P. 26.1(a)(4). We disagree that the court resolved any disputed fact questions in this case. Appellee offered no evidence controverting appellants' averments, made in their affidavits, that they were never advised by their trial counsel of any final hearing in the declaratory judgment matter. And, appellants offered nothing to controvert appellee's evidence showing that notice of the new trial hearing in the declaratory judgment case was properly emailed to appellants' counsel.[2]

Because there was no conflicting evidence before the trial court, the trial court was never called upon to make any credibility determinations or resolve any disputed

---

[2] There is also no evidence in the record controverting appellee's counsel's affidavit concerning attorney's fees, though no fees were awarded in the bill of review judgment.

questions of fact. In that regard, the trial court's judgment denying the petition for bill of review was akin to summary judgment, in that the decision was made entirely as a matter of law. Findings of fact and conclusions of law are not required by rule and could not be appropriately considered by this Court in that situation. *See IKB Indus. (Nigeria) Ltd.*, 938 S.W.2d at 443. Accordingly, appellants' request for such findings and conclusions did not extend the deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(a)(4).

### III. Conclusion

Having reviewed appellee's amended motion to dismiss, appellants' response thereto, the documents in the record, and the applicable law, this Court finds that the amended motion to dismiss is meritorious and should be granted. Therefore, the appeal is DISMISSED FOR WANT OF JURISDICTION. Any other pending motions are denied as moot.

DORI CONTRERAS
Chief Justice

Delivered and filed the
27th day of February, 2020.