# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00828-CV

---

**Luis Alberto Vences, Appellant**

**v.**

**Marissa Garcia Robledo, Evangelina Robledo, Andrew Emerito Costilla,
James Stephen Sustaita, and Mary Prado, Appellees**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-001566, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Luis Alberto Vences appeals from the denial of the petition for bill of review he filed to challenge a 2009 order awarding child support to Marissa Garcia Robledo. We will affirm the denial.

### BACKGROUND

In 2008, Robledo filed an original petition in a suit affecting the parent-child relationship. Her petition sought, inter alia, an award of child support from Vences. Robledo appeared at the hearing on the matter in 2009. Vences did not. The court appointed an attorney ad litem to represent Vences's interests and ultimately ordered Vences to pay $595.53 per month in child support and $16.105.01 in retroactive child support. Vences did not comply with the terms of the order, and the Attorney General filed a motion to enforce in 2016. In response,

Vences filed a petition for bill of review alleging that he was never served with the petition in the suit affecting the parent-child relationship and that the 2009 child-support order is therefore "void or voidable." After holding a hearing, the district court denied the petition for bill of review and, on Vences's request, issued findings of fact and conclusions of law in support. Vences then perfected this appeal.

## DISCUSSION

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment or order that is no longer subject to challenge by a motion for new trial or appeal. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam); *Wiegrefe v. Wiegrefe*, No. 03-16-00665-CV, 2017 WL 3908645, at *2 (Tex. App.—Austin Aug. 29, 2017, no pet.) (mem. op.). "[T]o be successful upon a bill of review, the complainant must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party . . . (3) unmixed with any fault or negligence of his own." *Arndt v. Arndt*, 714 S.W.2d 86, 87–88 (Tex. App.—Houston [14th Dist.] 1986, no writ). That said, a plaintiff demonstrating deficient service is relieved of the obligation to prove the first two elements because a judgment rendered without service is constitutionally infirm. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *Katy Venture*, 469 S.W.3d at 164. "We review the trial court's ruling on a bill of review for an abuse of discretion," indulging "every presumption in favor of that ruling." *Interaction, Inc. v. State*, 17 S.W.3d 775, 778 (Tex. App.—Austin 2000, pet. denied). "A trial court abuses its discretion when it acts in an unreasonable and

2

arbitrary manner, or without reference to any guiding rules or principles." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

In this case, the district court did not abuse its discretion in denying the petition for bill of review because Vences did not timely file his petition. A petition for bill of review must generally be filed within four years of the rendition of the disputed judgment unless the challenger can show that extrinsic fraud prevented him from participating in the proceedings that led to that judgment. *See* Tex. Civ. Prac. & Rem. Code § 16.051; *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). Extrinsic fraud "occurs when a litigant has been misled by his adversary by fraud or deception." *PNS Stores*, 379 S.W.3d at 275 (citing *Alexander v. Hagedorn*, 226 S.W.2d 996, 1001 (Tex. 1950)). The trial court found that no fraud had occurred and therefore acted in accordance with governing principles in denying the petition for bill of review.

Vences disagrees, insisting that "failure of the actual service was the result of extrinsic fraud on the behalf of the mother and her family system" and part of a "conspiracy to deprive Plaintiff Father Luis Vences of his parental rights." We will construe this argument as a challenge to the sufficiency of the evidence supporting the district court's finding that no fraud occurred. When reviewing a trial court's decision for abuse of discretion, legal and factual sufficiency are not independent grounds of error but are relevant in determining whether the trial court abused its discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). We look first to whether the record includes sufficient evidence upon which the trial court could exercise its discretion. *Coburn v. Moreland*, 433 S.W.3d 809, 823 (Tex. App.—Austin 2014, no pet.). If it does, we then consider whether that exercise constituted abuse. *Id.*

There is no abuse of discretion if some substantive, probative evidence supports the district court's conclusion. *Zeifman*, 212 S.W.3d at 587.

The record here includes sufficient evidence for the district court to exercise its discretion and conclude that Vences had not met his burden to show extrinsic fraud. Robledo testified that at the time of the proceedings in 2008 and 2009, she did not know where Vences lived notwithstanding her "due diligence" to find him. She testified that she asked the trial court to effect service of process on Vences's sister, whom Robledo was able to locate, and that she provided an affidavit in support of that request. *See* Tex. R. Civ. P. 109 (governing service by publication), 109a (allowing substitute service where service by publication is authorized and requesting party executes affidavit in support of substitute service). Vences's sister testified and acknowledged that in 2008 she often received her brother's mail but said she was not certain whether she had ever received the petition in question. The record, however, reflects that she accepted service on February 27, 2008. Vences testified and conceded that he essentially lived "in the streets" at the time but disputed Robledo's characterization of her awareness of his whereabouts, testifying that Robledo knew how to contact him and could have done so if she had tried. Yet the district court—as the "sole arbiter" of the evidence, *see In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014)—could have discredited his testimony in favor of Robledo's testimony that she had made reasonable efforts to locate Vences. On this record, we cannot say that no substantive, probative evidence supports the district court's conclusion that Vences failed to establish extrinsic fraud. *See Okon v. Boldon*, No. 02-14-00334-CV, 2015 WL 4652775, at *5 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.) (affirming denial of untimely petition for bill of review after explaining "the trial court could have reasonably resolved conflicting

4

evidence presented by the parties to find that no person intended to deceive appellant or prevent him from knowing about the suit"). As a consequence, there was no abuse of discretion.

## CONCLUSION

Because Vences has not shown that the district court abused its discretion in denying his petition for bill of review, we affirm its denial order. We dismiss as moot his motion to consolidate this appeal with another cause.

_____
Edward Smith, Justice

Before Justices Goodwin, Triana, and Smith

Affirmed

Filed:   August 27, 2020

5