

# NUMBER 13-21-00258-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **MARCO ANTONIO ARRAMBIDE,** | **Appellant,** |

**v.**

| | |
|---|---|
| **MARIA LOURDES BARRERA ARRAMBIDE,** | **Appellee.** |

## On appeal from the 430th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Marco Antonio Arrambide appeals the trial court's judgment denying his petition for bill of review, which he filed to set aside a default final decree of divorce. In his sole issue, appellant contends that the trial court erred by concluding that he "must have exhausted all other legal remedies" before filing his bill of review. We affirm the trial court's judgment.

# I. BACKGROUND

Appellee Maria Lourdes Barrera Arrambide filed for divorce from appellant in September 2017. On April 9, 2019, the trial court held a hearing on and granted the divorce when appellant failed to appear at the hearing. On June 27, 2019, the trial court entered a default final decree of divorce. On July 22, 2019, appellant timely filed a motion to set aside the default judgment and a motion for new trial. On September 6, 2019, appellant filed a motion to reconsider the default judgment. Four days later, the trial court held a hearing on appellant's various motions and denied them all. Appellant did not appeal from the trial court's final decree or denial of those motions.

In June 2020, appellant filed his petition for bill of review alleging that neither he nor his attorney received notice of the April 9, 2019 trial setting, and that the hearing was not supposed to be for trial, but rather for the court to hear appellant's motion for continuance. The trial court held a hearing on appellant's petition in April 2021 and denied the petition on July 28, 2021. This appeal followed.

# II. APPLICABLE LAW & DISCUSSION

We review an order granting or denying a bill of review for abuse of discretion. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied)). "In determining whether the trial court abused its discretion, we view the evidence in the light most favorable to the trial court's action, indulging every presumption in favor of the judgment." *Garza v. Att'y Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.). "A trial court abuses its discretion by acting without reference to guiding rules and principles to such an extent that its ruling

2

was arbitrary or unreasonable." *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (cleaned up).

A bill of review is an independent, equitable action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). "A bill of review is designed to prevent manifest injustice, but the fact that an injustice may have occurred is not sufficient cause to justify relief by a bill of review." *Nelson v. Williams*, 135 S.W.3d 202, 205 (Tex. App.—Waco 2004, pet. denied) (citing *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)). Traditionally, a bill of review complainant must allege and prove three elements: (1) a meritorious defense to the cause of action alleged, (2) which he was prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, and (3) the absence of fault or negligence of the complainant. *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979). However, "when a bill-of-review plaintiff claims a due process violation for no service of process or notice of a default judgment, it is relieved of proving the first two elements." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam) (brackets omitted). Instead, the complainant "must only prove that its own fault or negligence did not contribute to cause the lack of service or notice." *Id.* (citing *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam)). When alleging a lack of notice, the complainant must first show that they did not receive notice of the default judgment within an adequate time to pursue alternative legal remedies. *Mabon Ltd., 369 S.W.3d at 813* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988)).

Crucially, bill of review relief is available only if a party has exercised due diligence

3

in pursuing all available legal remedies or has shown good cause for failing to exhaust those remedies. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999). This due diligence requirement is distinct from the three bill of review elements. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998) (per curiam); *Mowbray v. Avery*, 76 S.W.3d 663, 682 n.28 (Tex. App.—Corpus Christi–Edinburg 2002, pet. denied). Relief by bill of review is inappropriate if legal remedies were available but ignored. *Herrera*, 11 S.W.3d at 927. A party with an available appeal who fails to pursue that remedy is not entitled to seek relief by bill of review. *See French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967) (holding that bill of review relief was unavailable to appellant who timely filed a motion for new trial but did not appeal when it was denied by operation of law).

Appellant points this Court to the Texas Supreme Court's decision in *Gold v. Gold* for the proposition that he need not have pursued a direct appeal from the denial of his motions to set aside, for new trial, and to reconsider in order to seek relief via a bill of review. *See* 145 S.W.3d 212 (Tex. 2004), *abrogated in part by Ex parte E.H.*, 602 S.W.3d 486 (Tex. 2020). But the question in *Gold* was whether filing a *restricted appeal*—not a direct appeal—was a prerequisite to obtain bill of review relief.[1] *Id.* The supreme court first stated that "[i]f a motion to reinstate, motion for new trial, or direct appeal is available, it is hard to imagine any case in which failure to pursue one of them would not be negligence" under the third bill of review element. *Id.* at 214. The court next reiterated "that relief by bill of review is available only if a party has exercised due diligence in

---

[1] A restricted appeal is available only when (1) filed within six months of judgment, (2) by a party to the underlying suit, (3) who did not participate in the dismissal hearing, and (4) who showed error apparent on the face of the record. TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

pursuing all adequate legal remedies and not if legal remedies were available but ignored." *Id.* (cleaned up). It clarified, however, that, for certain specified reasons, it has "never included a restricted appeal among the 'adequate legal remedies' a bill of review claimant must pursue." *Id.* Rather, the court has "only applied [the adequate legal remedies] rule to motions that could have been filed in the trial court's first proceeding." *Id.* (citing *French*, 424 S.W.2d at 894–95).

In this case, appellant did not file a restricted appeal. Furthermore, appellant timely filed a motion to set aside the divorce decree, a motion for new trial, and a motion to reconsider. The trial court denied each motion, but appellant did not pursue a direct appeal of those rulings. In other words, appellant had an adequate appellate remedy that he failed to pursue, and thus he was not entitled to a bill of review. *See Herrera*, 11 S.W.3d at 927; *French*, 424 S.W.2d at 895. Consequently, the trial court did not abuse its discretion by denying appellant's petition for bill of review.

### III.    CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
26th day of May, 2022.

5