**Affirmed and Opinion filed February 23, 2023.**



In The

# Fourteenth Court of Appeals

———

## NO. 14-22-00272-CV

———

### ANNA MARIE HERZFELD ALLEBACH, Appellant

### V.

### JULIE ELIZABETH SCHMIDT GOLLUB, Appellee

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-0079599-A**

## OPINION

In this appeal from a summary judgment, the nonmovant argues that the judgment should be reversed because the movant's suit is barred by limitations, because the movant lacks both capacity and standing, and because the movant is not entitled to attorney's fees. For the reasons given below, we overrule all of these arguments and affirm the trial court's judgment.

# BACKGROUND

This case arises out of a probate proceeding.

The decedent fathered three children: Paul, Deborah, and Julie. Their mother was the decedent's first wife, Carole, who predeceased him. After Carole's passing, the decedent married his second wife, Anna. The ceremony for this second marriage was performed in another state, and the children did not become aware of the marriage until after the decedent's death.

Upon his passing, Anna tried to probate a will that had been executed shortly before the decedent's death. In that will, the decedent left very little of his belongings to his children. He left a ring to Paul and some coins to Deborah. He left nothing for Julie. The lion's share of the estate went instead to Anna, whom the decedent also named as the executor.

Julie filed a will contest, alleging among other things that the decedent had been suffering from memory declines and that he lacked testamentary capacity. Julie also asserted several causes of action against Anna. And among them, Julie sought a declaratory judgment that the marriage between Anna and the decedent was void as a matter of law because Anna was the daughter of the decedent's biological sister—which made her the niece of the decedent and the cousin of his children.

Julie moved for a partial summary judgment as to her claim that the marriage between Anna and the decedent was void. Anna filed a response, and the trial court granted a partial summary judgment in Julie's favor.

Anna now appeals from that judgment. *See Estate of Durrill*, 570 S.W.3d 945, 957 (Tex. App.—Corpus Christi 2019, pet. denied) (a judgment voiding a marriage is appealable).

## ANALYSIS

### I.    Julie proved that the marriage was void.

Texas law presumes that every marriage is valid "unless expressly made void by Chapter 6 [of the Texas Family Code] or unless expressly made voidable by Chapter 6 and as annulled as provided by that chapter." *See* Tex. Fam. Code § 1.101. This presumption applies to the marriage between Anna and the decedent because, even though their marriage was performed in another state, they were domiciled here in Texas. *See* Tex. Fam. Code § 1.103 ("The law of this state applies to persons married elsewhere who are domiciled in this state.").

To overcome this presumption, Julie had the burden of proving that the marriage between Anna and the decedent was either void or voidable. There are significant differences between these two types of invalid marriages.

Voidable marriages are identified in Subchapter B of Chapter 6, which is entitled "Grounds for Annulment," and they include marriages that are founded on such grounds as fraud and mental incapacity. *See* Tex. Fam. Code §§ 6.102–.110. To challenge a voidable marriage, a party must bring a suit for annulment. *See* Tex. Fam. Code § 6.401(a). And this suit must be brought before the death of either party to the marriage, except as provided by the Texas Estates Code. *See* Tex. Fam. Code § 6.111.

Void marriages, on the other hand, are identified in Subchapter C of Chapter 6, which is entitled "Declaring a Marriage Void," and they include marriages founded on grounds such as consanguinity. *See* Tex. Fam. Code § 6.201–.206. To challenge a void marriage, a party must bring a suit to declare the marriage void. *See* Tex. Fam. Code § 6.401(b). And under our common law, such suits may be brought

"by anyone, at any time, directly or collaterally." *See Simpson v. Neely*, 221 S.W.2d 303, 308 (Tex. App.—Waco 1949, writ ref'd).

Relying on Subchapter C, Julie argued in her motion for summary judgment that the marriage between Anna and the decedent was void on the basis of consanguinity. *See* Tex. Fam. Code § 6.201. This argument presented a traditional ground for summary judgment, which meant that Julie had the initial burden of proving that there was no genuine issue of material fact and that she was entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c).

To satisfy her burden, Julie attached an affidavit to her motion, in which she attested that Anna is the daughter of the decedent's biological sister, which makes Anna the decedent's biological niece. This evidence was clear, positive, and direct, and it conclusively established that the marriage between Anna and the decedent is void. *See* Tex. Fam. Code § 6.201(4) ("A marriage is void if one party to the marriage is related to the other as . . . a son or daughter of a brother or sister, of the whole or half blood or by adoption."). The burden accordingly shifted to Anna, as the nonmovant, to raise a fact issue on the question of consanguinity or otherwise show that summary judgment was improper. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015) (per curiam).

## II.    Anna did not establish that Julie's suit is barred by limitations.

When she filed her response in the trial court, Anna did not contest that she was the decedent's niece. Instead of raising a fact issue as to the question of consanguinity, Anna presented several legal arguments for showing that Julie was not entitled to summary judgment. The trial court implicitly rejected those arguments when it rendered a summary judgment in Julie's favor. Anna reasserts those arguments in her brief on appeal, and we review the trial court's rejection of those

arguments de novo. *See Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017).

Anna begins by arguing that Julie's challenge to the marriage was barred by a statute of limitations. Anna relies specifically on Section 123.102 of the Texas Estates Code, which provides in material part that "if a proceeding described by Section 123.101(a) is not pending on the date of a decedent's death, an interested person may file an application with the court requesting that the court void the marriage of the decedent if . . . the marriage commenced not earlier than three years before the date of the decedent's death." Anna then refers to Julie's own summary-judgment evidence to prove the application of this statute, because Julie attested in her affidavit that the decedent married Anna more than four years before his death. By advocating for the application of this statute of limitations, Anna implicitly suggests that Section 123.102 has supplanted the common law rule that a void marriage may be challenged "at any time."

Julie disputes Anna's reading of Section 123.102, essentially countering that the statute cannot apply when, as here, a person has challenged a marriage on the basis that it is void, as opposed to voidable. This dispute presents a question of statutory interpretation, which we also consider de novo. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam).

When interpreting a statute, our primary objective is to determine and give effect to the Legislature's intent. *See In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 701 (Tex. 2015) (orig. proceeding). We identify that intent by looking first to the statute's plain language, and we presume that the Legislature purposefully chose which words to include in the statute and which to omit. *Id.* We read the statute as a whole, rather than look at individual provisions in isolation. *Id.* We also consider the object sought to be attained by the statute, the circumstances under which the statute

was enacted, and the consequences of a particular construction. *See* Tex. Gov't Code § 311.023(1), (2), (5).

Section 123.102 begins with a cross-reference to Section 123.101. *See* Tex. Est. Code § 123.102(a) ("[I]f a proceeding described by Section 123.101(a) is not pending on the date of a decedent's death . . . ."). Both of these statutes are organized under Subchapter C of Chapter 123 of the Texas Estates Code. The text and structure of that subchapter plainly indicate that the limitations provision of Section 123.102 was not intended to apply to challenges of void marriages.

The first reflection of that intent is the title of the subchapter: "Certain Marriages Voidable After Death." The title references "voidable" marriages, not "void" marriages. The restrictive word "certain" also reflects that the subchapter is only concerned with a narrow scope of voidable marriages.

That narrow scope is apparent from Section 123.101, the first statute organized under the subchapter, which is titled "Proceeding to Void Marriage Based on Mental Capacity Pending at Time of Death." The text of the statute refers exclusively to mental incapacity, and as we mentioned earlier in this opinion, mental incapacity was identified by the Legislature as a ground that made a marriage voidable, not void. *See* Tex. Fam. Code § 6.108 (providing that mental incapacity is a ground for annulment).

The next statute in the subchapter is Section 123.102. The title of this statute is "Application to Void Marriage After Death," and the word "void" in this title is part of an infinitive ("to void"), rather than an adjective modifying "marriage." The body of this statute—which contains the limitations provision cited by Anna—does not contain any express reference to mental incapacity, but that narrow scope is still apparent from the statute's other language. The statute begins with the cross-reference to Section 123.101, which demonstrates that the statute is still concerned

with mental incapacity. The statute also draws a contrast to Section 123.101: whereas Section 123.101 only concerns proceedings that are pending at the time of a decedent's death, Section 123.102 only concerns proceedings that are commenced after a decedent's death.

The third statute in the subchapter is Section 123.103, which is titled "Action on Application to Void Marriage after Death." This statute contains an express cross-reference to Section 123.102—which again is the same statute cited by Anna as the basis for her limitations argument—but the statute provides that a marriage may only be invalidated under Section 123.102 upon a finding of mental incapacity.

The fourth and final statute of the subchapter is Section 123.104, which is titled "Effect of Voided Marriage." This statute does not contain any express mention of mental incapacity. It merely provides that if a court declares a marriage void in a proceeding under either Section 123.101 or Section 123.102, then the other party to the marriage is not considered the decedent's surviving spouse for purposes of any law of this state.

Altogether, the text and structure of Subchapter C of Chapter 123 reflect a singular focus of invalidating a marriage on the ground of mental incapacity, which makes a marriage voidable, not void. Thus, the limitations provision contained within Section 123.102 should only be understood to apply to a challenge to a marriage made voidable on the ground of mental incapacity. This understanding comports with the plain language of the statute, and it also preserves the longstanding common law rule that challenges to void marriages are not subject to limitations. *See Simpson v. Neely*, 221 S.W.2d 303, 308 (Tex. App.—Waco 1949, writ ref'd) ("A void marriage is one that is absolutely null, having no force or effect for any purpose, at any place or time, and whose invalidity may be asserted by anyone, at any time, directly or collaterally."); *Hovious v. Hovious*, No. 2-04-169-

7

CV, 2005 WL 555219, at *6 (Tex. App.—Fort Worth Mar. 10, 2005, pet. denied) (mem. op.) (same).

Because Julie sought a declaration that the marriage between Anna and the decedent was void on the ground of consanguinity, rather than voidable on the ground of mental incapacity, we conclude that the limitations provision contained within Section 123.102 has no application to this case. Anna accordingly failed to demonstrate that Julie's suit was barred by a statute of limitations.

## III. Anna did not establish that Julie lacks capacity.

Anna argues next that Julie lacks capacity to sue because she is not an "interested person" for purposes of Section 123.102. This capacity argument represents a continuation of Anna's limitations argument, which also depended on Section 123.102. Because we just explained in the immediately preceding discussion that Section 123.102 does not apply to Julie's suit, we conclude that Anna's capacity argument lacks merit.

## IV. Anna did not establish that Julie lacks standing.

Anna's next argument focuses on Julie's standing—an issue that does not concern whether Julie has the legal authority to act (as in capacity), but rather whether Julie has a justiciable interest in the controversy. *See Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (explaining the difference between standing and capacity).

The general test for standing requires a satisfaction of two elements: first, that there is a real controversy between the parties; and second, that the controversy will actually be determined by the judicial declaration sought. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

Anna argues that Julie cannot satisfy this test because her interest in the decedent's estate would not change even if she obtained a judicial declaration that the marriage between Anna and the decedent is void. The effect of such a declaration is that Anna would be treated in the will as having predeceased the decedent. *See* Tex. Est. Code § 123.001(b)(1) ("If, after the testator makes a will, the testator's marriage is dissolved by . . . a declaration that the marriage is void . . . all provisions in the will, including all fiduciary appointments, shall be read as if the former spouse and each relative of the former spouse who is not a relative of the testator had failed to survive the testator."). And under the remaining terms of the will, if Anna predeceases the decedent, then her interest in the estate is left to Julie's sister, Deborah. Thus, Anna argues that Julie has nothing of value to gain by challenging the marriage.

Anna neglects to mention a separate provision in the will, which states that if the decedent's beneficiaries were to die before the full distribution of the estate, then the remaining portion of the estate must be distributed to his heirs according to the laws of intestate succession. Because a full distribution of the estate has not yet occurred and Julie is the decedent's daughter, she could still be treated as an heir under this provision, which means that Julie has a justiciable interest in the will (apart from her separate will contest), as well as a reason for challenging the marriage between Anna and the decedent.

Based on the foregoing, we conclude that Julie had standing to challenge the marriage.

## V.  Anna did not establish that Julie was not entitled to attorney's fees.

Julie requested an award of attorney's fees in her motion for summary judgment. As authority for the requested award, Julie cited Section 37.009 of the Texas Civil Practice and Remedies Code, which provides for reasonable and

necessary attorney's fees in connection with a declaratory judgment. She also supported her requested award with an attorney's affidavit and billing records from the attorney's law firm. The trial court granted Julie her requested award in its summary-judgment order.

Now on appeal, Anna does not contend that the evidence is legally insufficient to support the award. Rather, Anna argues that attorney's fees were not recoverable under Section 37.009—also known as the Uniform Declaratory Judgments Act (UDJA)—because even though that statute is remedial, the Legislature did not intend for the UDJA to supplant all other statutes and remedies, or for it to be used "as a vehicle to obtain otherwise impermissible attorney's fees." *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). And Anna contends that attorney's fees are "otherwise impermissible" in this case because they are not specifically authorized by Section 123.102 of the Texas Estates Code.

Once again, Anna's argument depends on the faulty premise that Julie's suit is governed by Section 123.102. As we have already explained elsewhere in this opinion, Section 123.102 is not applicable here. Therefore, the absence of any language in Section 123.102 specifically authorizing an award of attorney's fees is not determinative.

A different statute is applicable, and it specifically authorizes an award of attorney's fees: "In a suit for dissolution of a marriage, the court may award reasonable attorney's fees and expenses." Tex. Fam. Code § 6.708(c). Julie's suit is a suit for dissolution of a marriage because it seeks a declaration that the marriage between Anna and the decedent is void. *See* Tex. Est. Code § 123.001(b)(1) (recognizing that a marriage can be dissolved by a declaration that the marriage is void). Accordingly, Julie's award of attorney's fees under the UDJA was not otherwise impermissible. *See Chandler v. Chandler*, 991 S.W.2d 367, 405 n.28 (Tex.

10

App.—El Paso 1999, pet. denied) (recognizing in a suit to declare a marriage void that a party could have obtained attorney's fees under the UDJA or the statutory predecessor to Section 6.708(c)), *overruled on other grounds by Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136 (Tex. 2019).

## CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.